Filed 6/25/26  P. v. Zamudio CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDGAR FERNANDO ZAMUDIO,<br><br>    Defendant and Appellant. | H053910<br>(Monterey County<br>Super. Ct. No. 21CR007015) |

Defendant Edgar Fernando Zamudio appeals from a final judgment in a criminal action.  Appointed counsel filed an opening brief summarizing the case but raising no issues.  We notified defendant of his right to submit written argument on his own behalf, and he has not done so.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and find no arguable issue on appeal. Following the California Supreme Court's direction in *Kelly*, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."  (*Id.* at p. 110.)

## I.    *WENDE/KELLY* REVIEW

Defendant was initially charged with two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and one count of misdemeanor child endangerment (Pen. Code, § 273a, subd. (b)).  According to the probation report, the charges stemmed from a 2021 incident in which defendant drove his car into a car being driven by his daughter's

mother.  In 2022, defendant pleaded no contest to a single count of assault by means likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)) and was placed on probation for a period of three years.[1]

In 2023, defendant was arrested on domestic violence and child endangerment charges.  He admitted violating probation and was sentenced to three years in prison. Execution of that sentence was suspended and probation was extended until November 23, 2025.

On November 5, 2025, the probation officer alleged defendant had violated probation by contacting his daughter's mother on October 27 and November 1.  The woman provided the probation officer with a screenshot of an electronic message calling her a "stupiD CUNT," as well as an "aggressive and threatening" voicemail message in which a man whose voice was "consistent with" defendant's "cussed at her multiple times and again called her a derogatory name."  Defendant admitted the violation on November 6, 2025.  The trial court terminated probation on December 4, 2025 and ordered execution of the three-year prison sentence.  Defendant was awarded 269 days of presentence custody credit, representing 135 actual days and 134 days of conduct credit. We have reviewed the entire record and find no arguable issue.

## II.    DISPOSITION

The judgment is affirmed

---

[1]  We note that the two-year probation maximum set forth in Penal Code section 1203.1, subdivision (a) does not apply to "an offense that includes specific probation lengths within its provisions."  (Pen. Code, § 1203.1, subd. (*l*)(1).)  "A minimum period of probation of 36 months" applies where "the victim is a person defined in Section 6211 of the Family Code," including the probationer's child or another parent of the child.  (Pen. Code, § 1203.097, subd. (a).)

_____

Grover, Acting P. J.

**WE CONCUR:**


_____

Lie, J.



_____

Wilson, J.



H053910
*The People v. Zamudio*